IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARY GARBER,

       Plaintiff,                    No. CIV S-04-1824 KJM

vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.                <u>ORDER</u>

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and the Commissioner's cross-motion for summary judgment, but will remand for further proceedings under sentence four of 42 U.S.C. § 405(g) .

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated February 24, 2004, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has a severe impairment of mixed bipolar disorder without psychotic features but that this impairment does not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff has the residual functional capacity to perform unskilled work with little public contact; plaintiff has no past relevant work; and using Medical-Vocation Guideline 204.00, plaintiff is not disabled.

/////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

Administrative Transcript ("AT") 23-24.  Plaintiff contends the ALJ's credibility analysis is flawed and the ALJ misconstrued the medical evidence.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).  Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

Plaintiff contends the Appeals Council should have remanded the matter to the ALJ based on evidence demonstrating removal of plaintiff's children from her custody, four days prior to the ALJ's decision.  The Appeals Council decision not to remand is a nonappealable

3

1  decision.  Flaten v. Sec'y of Health and Human Svcs., 44 F.3d 1453, 1457-58 (9th Cir. 1995).
2  Defendant contends the evidence is new and does not warrant remand.  However, the order of the
3  Juvenile Court is not new evidence; it has been made a part of the administrative record.  AT 25-
4  26.  Accordingly, this court will review the ALJ's decision[2] under the substantial evidence
5  standard with due consideration of the Juvenile Court order.  See Harman v. Apfel, 211 F.3d
6  1172, 1179-80 (9th Cir. 2000) (where plaintiff submitted additional materials to the Appeals
7  Council in requesting review of the ALJ's decision, court may properly consider the additional
8  materials because the Appeals Council addressed them in the context of denying plaintiff's
9  request for review); see also Ramirez v. Shalala, 8 F.3d 1449, 1451-52 (9th Cir. 1993) (noting
10 that where the Appeals Council declined to review the decision of the ALJ after examining the
11 entire record, including new material, court considers both the ALJ's decision and the additional
12 materials submitted to the Appeals Council).

13        Plaintiff's March 18, 2004 request for review of the ALJ's decision was
14 specifically incorporated into the administrative record by order of the Appeals Council, dated
15 July 14, 2004.  AT 9, 11A, 244 (cover letter for request for review asks for extension of time to
16 submit evidence from juvenile court).   The February 20, 2004 Juvenile Court order was
17 apparently transmitted to the Appeals Council on June 16, 2004.  AT 25-27.  However, the
18 Juvenile Court order, although included in the administrative record for this court's review,  is
19 not referenced in the Appeals Council's denial of request for review on July 14, 2004.  AT 6, 9
20 ("we considered the reasons you disagree with the decision and the additional evidence listed on
21 the enclosed Order of Appeals Council").  Because of this confusion in the record, this court
22 cannot determine whether the Commissioner has, in fact, given any consideration to the Juvenile
23 Court order in declining the request for review and thereby letting stand the ALJ's determination
24 that plaintiff is not disabled.

---

[2] When the Appeals Council denies review, the decision of the ALJ is the final decision. Russell v. Brown, 856 F.2d 81, 83-84 (9th Cir. 1988).

4

Plaintiff also assigns error to the ALJ's credibility finding and the ALJ's assessment of the medical records and the treating physician's opinion pertaining to plaintiff's psychiatric condition. Central to the credibility determination was the ALJ's conclusion that plaintiff was not as disabled as she claimed because her testimony that she required extensive assistance from others to care for her children was discredited by the fact plaintiff's children had been returned to her. AT 21, 255-257. The Juvenile Court order, which took away plaintiff's children just a few months after they were returned to her custody, however, sheds a different light on plaintiff's testimony. AT 223 (children returned to plaintiff in November 2003). Also, although not noted by the ALJ, plaintiff's testimony is consistent with that of her sister. AT 263 (plaintiff could not raise children without assistance from her family). Although the Juvenile Court order does not specifically indicate the reasons for the removal of plaintiff's children from her custody, further evidence in this regard can be developed by the ALJ if the matter is remanded.

In addition, the Juvenile Court order may reflect a deteriorating condition in plaintiff's psychiatric condition. In finding plaintiff was not disabled, the ALJ relied on the conclusions of Andrea Bates, who examined plaintiff in September 2002, fifteen months prior to the Juvenile Court order. AT 22, 159. The medical records subsequent to Dr. Bates' examination reveal extensive use of psychotropic medications by plaintiff and continued psychiatric problems. AT 223-243. Moreover, Dr. Bates concluded only that plaintiff, from a psychiatric perspective, had a "good prognosis for returning to the workforce at some point." AT 164. Given the date of Dr. Bates' examination, her qualified prognosis, and the records subsequent to her examination, the Juvenile Court proceedings are a significant development that should be factored into any consideration of plaintiff's psychiatric condition.

If additional administrative proceedings would remedy defects in an ALJ's decision, remand is appropriate. Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990). The Juvenile Court order sheds a significantly different light on plaintiff's credibility and the medical

1  records. For the foregoing reasons, this matter will be remanded under sentence four of 42
2  U.S.C. § 405(g) for further development of the record as to the reasons underlying the removal
3  order and so that this information can be factored into the analysis of both plaintiff's credibility
4  and the psychiatric records and opinions contained therein.
5          Accordingly, IT IS HEREBY ORDERED that:
6          1. Plaintiff's motion for summary judgment is denied;
7          2. The Commissioner's cross-motion for summary judgment is denied; and
8          3. This matter is remanded for further proceedings consistent with this order.
9  DATED: March 28, 2006.

                                                  UNITED STATES MAGISTRATE JUDGE

006
garber.ss